**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6:13-cv-511-LED |
| v. | § | |
| | § | Patent Case |
| ZTE CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' JOINT MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), ZTE Corporation, ZTE (USA) Inc., AT&T Mobility LLC, Verizon Communications Inc.,[1] Cellco Partnership d/b/a Verizon Wireless,[2] Sprint Nextel Corporation,[3] Sprint Solutions, Inc., Sprint Spectrum L.P., Boost Mobile, LLC, T-Mobile USA, Inc., and T-Mobile US, Inc. ("Defendants") hereby jointly move to dismiss Plaintiff Cellular Communications Equipment LLC's ("CCE") claims of induced infringement, contributory infringement, and willful infringement for failure to state a claim.

CCE's claims are threadbare recitals of the elements of the causes of action, supported by mere conclusory statements, and devoid of factual allegations. CCE's allegations are insufficient

[1] Verizon Communications Inc. and Cellco Partnership d/b/a Verizon Wireless anticipate concurrently filing a stipulated dismissal of Verizon Communications Inc. as it is not a proper party to this lawsuit.
[2] Cellular Communications Equipment LLC's Original Complaint misidentifies Cellco Partnership d/b/a Verizon Wireless as Cellco Partnership Inc. d/b/a Verizon Wireless.
[3] On July 10, 2013, as part of a merger transaction with Softbank Corp., Sprint Nextel Corporation changed its name to Sprint Communications, Inc. Sprint Communications, Inc. is now a subsidiary of Sprint Corporation. Sprint Communications, Inc. is not a proper party to this action and hereby preserves all objections to its identification as a defendant in this action, including but not limited to lack of personal jurisdiction.

to put Defendants on notice of the bases for CCE's claims of infringement. It is thus impossible for Defendants to properly investigate and defend against CCE's claims. CCE's failure to properly plead its claims may also impair Defendants' ability to adequately preserve documents and meet other discovery obligations, and will unnecessarily increase the expense and burden of this litigation on Defendants and this Court. CCE's claims of induced infringement, contributory infringement, and willful infringement should be dismissed.

## II. CCE'S INFRINGEMENT ALLEGATIONS

CCE's complaint alleges direct infringement of five United States patents. Compl. at 1-2. CCE also alleges indirect infringement—by inducing infringement and/or contributing to infringement, e.g., Compl. ¶ 32—of three of the patents. CCE also alleges willful infringement of four of the patents, three of which overlap with the allegations of indirect infringement:

| | Indirect infringement alleged | Willful infringement alleged |
|---|---|---|
| **Count 1: U.S. Patent No. 6,819,923** | | X |
| **Count 2: U.S. Patent No. 7,215,962** | X | X |
| **Count 3: U.S. Patent No. 7,941,174** | X | X |
| **Count 4: U.S. Patent No. 8,055,820** | X | X |
| **Count 5: U.S. Patent No. 7,218,923** | | |

### A. Indirect Infringement

CCE's allegations of indirect infringement of the'962, '174, and '820 Patents are nearly identical boilerplate accusations:

> Defendants . . . have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the . . . patent . . . by, among other things, making, using, offering for sale, selling and/or importing [the accused products].

Compl. ¶¶ 32, 47, and 60. CCE additionally states as to each patent,

> Defendants are liable for indirect infringement of the . . . patent because they induce and/or contribute to the direct infringement of

> the patent by their customers and other end users who use the [accused products] to practice the claimed methods.

Compl. ¶¶ 34, 49, and 62. CCE adds a boilerplate paragraph for inducing infringement:

> On information and belief, despite having knowledge of the . . . patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use [the accused products], including Defendants' customers, to use such devices in a manner that infringes the . . . patent . . . . Defendants knew or should have known that their actions — including instructing customers and end users regarding use of the [accused products] — have and continue to actively induce infringement.

Compl. ¶¶ 36, 51, and 64. Similarly, CCE's contributory infringement allegations merely state:

> On information and belief, Defendants named in this Count have known and know that their products accused of infringing (and/or components thereof) are a material part of the inventions of the . . . patent, are especially made and/or adapted for use in infringing the [patent], and are not staple articles of commerce suitable for substantial non-infringing use.

Compl. ¶¶ 37, 52, and 65.

### B. Willful Infringement

CCE's allegations of willful infringement of the '9923, '962, '174, and '820 Patents similarly consist of mere boilerplate language:

> On information and belief, despite having knowledge of the . . . patent and knowledge that they are directly infringing one or more claims of the . . . patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the . . . patent have been, and continue to be, willful, wanton and deliberate in disregard of CCE's rights.

Compl. ¶ 25. As to the '962, '174, and '820 Patents, CCE adds "and/or indirectly" to the opening clause. Compl. ¶¶ 38, 53, and 66. CCE additionally alleges as to knowledge:

> On information and belief, each Defendant is a 3GPP member

> organization, or is affiliated with a 3GPP member organization, and has known of the . . . patent at least as early as [month and year], when it was disclosed to 3GPP via [the European Telecommunications Standards Institute].

Compl. ¶¶ 24, 35, 50, and 63.

## III. LEGAL STANDARD

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) when a plaintiff fails to satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2), which requires that every pleading for a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6). Claims for indirect infringement are required to meet the higher pleading threshold governed by the Supreme Court's holdings in *Twombly* and *Iqbal*. *In re Bill of Lading Transmission and Processing System Patent Lit.*, 681 F.3d 1323, 1336-37 (Fed. Cir. 2012), citing *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Claims for willful infringement are also subject to that higher threshold. *FuzzySharp Technologies Inc. v. Nvidia Corp.*, 12-CV-06375-JST, 2013 WL 4766877, at *2 (N.D. Cal. Sept. 4, 2013).

Under the *Twombly* and *Iqbal* analysis, there are two steps in determining whether a pleading is sufficient. *See Iqbal*, 556 U.S. at 679. *First*, a court identifies the allegations that are not entitled to the presumption of truth, which includes any allegations that are "bare assertions," merely "formulaic recitation[s] of elements," or "conclusory." *Id.* at 679-681. *Second*, a court examines the remaining "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. To demonstrate plausibility, a plaintiff must go beyond pleading facts that, when assumed to be true, are "merely consistent with a defendant's liability," and must instead plead facts sufficient to permit the "reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556)

(quotations omitted). A complaint will not suffice if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Merely pleading the "bare elements of his cause of action" will result in dismissal. *Id.* at 686.

## IV. ARGUMENT

### A. The Indirect Infringement Claims Should Be Dismissed

Indirect infringement encompasses induced infringement and contributory infringement. Pleadings for such claims must comply with the requirements articulated in *Twombly* and *Iqbal*. *Bill of Lading*, 681 F.3d at 1336–37.

#### 1. CCE's Complaint Fails to Plead a Claim for Induced Infringement

For a claim of induced infringement to survive a motion to dismiss, the complaint must: (1) adequately plead direct infringement, (2) contain facts plausibly showing that the accused infringer specifically intended for that third party to infringe the asserted patents, and (3) contain facts plausibly showing that the accused infringer knew that the third party's acts constituted infringement. *Achates Reference Publ., Inc. v. Symantec Corp.*, No. 2:11-cv-294-JRG-RSP, 2013 U.S. Dist. LEXIS 27143, at *10 (E.D. Tex. Jan. 10, 2013) (citing *Bill of Lading*, 681 F.3d at 1339). CCE fails to adequately plead either of the latter two elements, with each failure providing an independent basis for dismissal.

*First*, CCE does not plead sufficient facts to support the Defendants' specific intent for a third party to infringe the '962, '174, or '820 Patents. CCE's sole allegations regarding inducement state that Defendants "specifically intend for persons . . . to use [the accused] devices in a manner that infringes" the asserted patents, and that Defendants knew or should have known that "instructing customers and end users regarding use of the" accused products actively induced infringement. Compl. ¶¶ 36, 51, and 64. CCE's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to support an

induced infringement claim. *Iqbal*, 556 U.S. at 678; *see U.S. Ethernet Innovations, LLC v. Digi Int'l Inc.*, No. 6:12-cv-366-MHS-JDL, 2013 U.S. Dist. LEXIS 114309 at *14 (E.D. Tex. Feb. 7, 2013) (finding that bare allegations that a defendant supplied an allegedly infringing system to its customers and provided those customers with "instructions" to utilize the system in an infringing manner are insufficient). CCE provides no factual basis at all for its allegations as to Defendants' specific intent to induce infringement, as to Defendants' knowledge of the alleged infringement, or as to the circumstances under which Defendants "should have known" of the alleged infringement. CCE thus fails to adequately plead its claim for inducing infringement of the '962, '174, and '820 Patents and the claim should be dismissed.

*Second*, CCE fails to allege facts plausibly showing that Defendants knew that the third party's acts constituted infringement, as CCE fails to allege facts that Defendants had any reason to believe that the '962, '174, and '820 patents might by infringed by Defendants' products prior to service of the Complaints. *See, e.g.*, Compl. ¶ 25. "To the extent [CCE] relies on knowledge of [the] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement." *Aguirre v. Powerchute Sports, LLC*, Civ. A. No. SA-10-CV-0702 XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011). Moreover, "the knowledge requirement for inducement refers to the inducer's knowledge of the induced third party's infringing acts, not knowledge of an inducer's own inducing conduct." *Compound Photonics, LTD v. Sony Corp.*, No. 6:11-cv-552-LED-JDL, (E.D. Tex. June 5, 2013) (ECF No. 74); *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."). CCE's allegations are limited to the conclusory recital that "Defendants knew or should have known that their actions . . . have and continue to actively induce infringement," Compl. ¶¶ 36,

51, and 64, an allegation devoid of factual basis.

Moreover, CCE's allegations of pre-suit knowledge of the '962, '174, and '820 Patents themselves are insufficient. CCE's allegations of pre-suit knowledge for each of these patents are that "each Defendant is a 3GPP member organization, or is affiliated with a 3GPP member organization, and has known" of each patent at least since it was disclosed "to 3GPP via [the European Telecommunications Standards Institute]." Compl. ¶ 24; *see id.* ¶¶ 35, 50, and 63. Without adequately alleging why or how 3GPP member organizations—much less anyone "affiliated" with a 3GPP member organization—necessarily receives notice of all patents disclosed to the European Telecommunications Standards Institute, CCE raises nothing more than a speculative possibility that Defendants had the knowledge of the patents required for an induced infringement claim. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)); *see Rembrandt Soc. Media, LP v. Facebook, Inc.*, No. 1:13cv158, 2013 WL 2950342, at *5 (E.D. Va. June 12, 2013) (where the allegations do not "give[] rise to anything more than a conceivable possibility of knowledge of the . . . patent, rather than a plausible inference that [Defendant] possessed such knowledge . . . the claims for indirect infringement based upon pre-suit knowledge must be dismissed."). The allegation that Defendants knew of each of these patents merely because each Defendant could be *affiliated* with an entity that is a member of *another organization* (3GPP) to which these patents were allegedly disclosed *via yet another organization* (ETSI) is far too speculative and attenuated to suffice.

CCE's claim for inducing infringement thus fails on two, independent bases. Having failed to sufficiently allege facts for two of the three necessary components, CCE's claim for

inducing infringement of the ’962, ’174, and ’820 Patents should be dismissed.

### 2. CCE’s Complaint Fails to Plead a Claim for Contributory Infringement

Contributory infringement requires the sale, or offer for sale, of “a component of a patented machine . . ., or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use . . . .” 35 U.S.C. § 271(c). Thus, a patent owner must establish: “1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention.” *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). At the pleading stage, “a plaintiff must, among other things, plead facts that allow an inference that the components . . . have no substantial non-infringing uses.” *Bill of Lading*, 681 F.3d at 1337. “[T]he inquiry focuses on whether the accused products can be used for purposes other than infringement.” *Id.* at 1338.

CCE fails to meet any of the four requirements for pleading contributory infringement. *First*, CCE fails to sufficiently allege that Defendants had knowledge of the patents. CCE insufficiently alleges only the speculative *possibility* of pre-suit knowledge of the ’962, ’174, and ’820 Patents based on disclosure to 3GPP. *See supra* Section IV.(A)(1).

*Second*, not only does CCE fail to allege any facts in support of its allegation that Defendants “instruct[] customers and end users” to infringe, Compl. ¶¶ 25, 47, 62, and 75, but the allegation itself creates the inference that there are substantial non-infringing uses. *Digi*, 2013 U.S. Dist. LEXIS 114309 at *14 (dismissing a contributory infringement claim because “[plaintiff]’s allegation that customers infringe when they use operating systems and components

in accordance with [defendant]'s *instructions* actually creates an inference that [the accused products] might otherwise be used in a non-infringing manner") (emphasis added).

*Third* and *fourth*, CCE alleges no facts to support that the component has no substantial noninfringing use or that the component is a material part of the invention. CCE's bare recital of those elements, Compl. ¶¶ 37, 52, and 65, are wholly conclusory and "not entitled to the assumption of the truth." *Iqbal*, 556 U.S. at 608. Moreover, those statements are also highly implausible as a matter of "common sense," *Id.* at 679, as the accused devices—like all modern smartphones and tablet computers—have a wide variety of noninfringing uses.

For the reasons stated above, CCE's contributory infringement claims as to the '962, '174, and '820 Patents should also be dismissed.

**B. The Willful Infringement Claims Should Be Dismissed**

To support a willfulness claim, a plaintiff must, at a minimum, establish two separate and independent elements: (1) objectively reckless behavior or circumstances, and (2) subjective knowledge or obviousness of the risk. *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). A willful infringement claim must be based on "particular facts" that demonstrate the basis for that allegation. *InMotion Imagery Technologies v. Brain Damage Films*, 2:11-CV-414-JRG, 2012 WL 3283371, at *4 (E.D. Tex. Aug. 10, 2012). "[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement." *Seagate*, 497 F.3d at 1374. "So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct." *Id.*

CCE's willful infringement allegations here are nothing more than a recitation of the willful infringement standard, Compl. ¶¶ 25, 38, 53, and 66, which is insufficient to sustain a claim. *See, e.g.*, *Touchscreen Gestures LLC v. RIM Ltd.*, No. 6:12-cv-263, 2013 U.S. Dist. LEXIS 97080, at *5 (E.D. Tex. Mar. 27, 2013) (finding "an allegation, absent any supporting

facts, insufficient to establish a willful infringement claim"); *Oasis Research, LLC v. Adrive, LLC*, No. 4:10-cv-435, 2011 U.S. Dist. LEXIS 80483, at *14–15 (E.D. Tex. May 23, 2011) (dismissing willful infringement claims despite allegations of pre-suit knowledge because willful infringement claims were "conclusory"). *First*, CCE's allegation that Defendants "continued their infringing conduct and disregarded an objectively high likelihood of infringement," Compl. ¶¶ 25, 38, 53, and 66, is a bare legal conclusion of the type expressly prohibited by *Iqbal*. CCE fails to identify, explain, or allege any factual basis for the required "objectively high likelihood of infringement," and thus the claim is "insufficient to establish a willful infringement claim." *Touchscreen Gestures* at *5. *Second*, CCE similarly fails to allege that Defendants had the requisite subjective knowledge of the obviousness of the risk, whatever it might have been. CCE's basis for alleging willfulness cannot be pre-suit knowledge of the asserted patents, because as noted above, CCE insufficiently alleges only the speculative *possibility* of pre-suit knowledge of the '9923, '962, '174, and '820 Patents based on disclosure of the patents to the 3GPP. *See supra S*ection IV.(A)(1).

It is impossible to speculate further what the basis for CCE's willfulness claim could be, which is precisely why the claim should be dismissed; CCE's allegations are insufficient to put Defendants on notice of the bases for its claims of willful infringement. CCE's tacked-on willful infringement claim is merely "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678. For the reasons stated above, it should also be dismissed.

## V. CONCLUSION

Defendants respectfully request that the Court dismiss CCE's claims of indirect and willful infringement for failure to state a claim upon which relief may be granted.

Dated: October 14, 2013

Respectfully submitted,

/s/ Everett Upshaw

Everett Upshaw
State Bar No. 24025690
everettupshaw@everettupshaw.com
Law Office of Everett Upshaw, PLLC
1204 Gano Street
Dallas, Texas 75215
Tel: (214) 680-6005
Fax: (214) 865-6086

Inge Larish
inge.larish@pillsburylaw.com
TX State Bar No. 00796924
Steven A. Moore (*pro hac vice* pending)
steve.moore@pillsburylaw.com
California State Bar No. 232114
Nicole S. Cunningham (*pro hac vice* pending)
nicole.cunningham@pillsburylaw.com
California State Bar No. 234390
PILLSBURY WINTHROP SHAW PITTMAN LLP
501 West Broadway, Suite 1100
San Diego, CA 92101
Phone: 619.544.3119
Fax: 619-236-1995

**Attorneys for Defendants**
**ZTE Corporation and ZTE (USA) Inc.**

/s/ Christopher W. Kennerly

Christopher W. Kennerly
TX Bar No. 00795077
chriskennerly@paulhastings.com
Jeffrey G. Randall
CA Bar No. 130811
jeffrandall@paulhastings.com
Paul Hastings LLP
1117 S. California Ave.
Palo Alto, CA 94304-1106
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

S. Christian Platt
CA Bar No. 199318
christianplatt@paulhastings.com
Paul Hastings LLP
4747 Executive Drive
Twelfth Floor
San Diego, CA 92121-3114
Telephone: (858) 458-3034
Facsimile: (858) 458-3134

**Attorneys for AT&T Mobility LLC**

/s/ Michael E. Jones
Michael E. Jones
State Bar No. 10929400
Patrick C. Clutter, IV
State Bar No. 24036374
mikejones@potterminton.com
patrickclutter@potterminton.com
POTTER MINTON, P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702
Tel: (903) 597-8311
Fax: (903) 593-0846

Charles B. Molster, III
Virginia State Bar No. 23613
Thomas M. Dunham
D.C. Bar No. 448407
cmolster@winston.com
tdunham@winston.com
WINSTON &STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5000
Fax: (202) 282-5100

**Attorneys for Verizon Communications Inc. and Cellco Partnership d/b/a/ Verizon Wireless**

SMITH WEBER, L.L.P.

/s/ Robert W. Weber

Robert W. Weber
Texas State Bar No. 21044800
5505 Plaza Drive
P.O. Box 6167
Texarkana, TX 75505-6167
Tele: (903) 223-5656
Fax: (903) 223-5652
Email: bweber@smithweber.com

and

ROUSE HENDRICKS GERMAN MAY PC

/s/ Mark W. McGrory

Mark W. McGrory *(pro hac vice)*
1201 Walnut, 20th Floor
Kansas City, MO 64106
Tel: (816) 471-7700
Fax: (816) 471-2221
Email: MarkM@rhgm.com

**Attorneys for Defendants Sprint Nextel Corporation, Sprint Solutions, Inc., Sprint Spectrum L.P., and Boost Mobile, LLC**

/s/ Melissa R. Smith

Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Phone: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

**Attorneys for T-Mobile USA, Inc. and T-Mobile US, Inc.**

Of Counsel:

John C. Hueston
Douglas J. Dixon
IRELL & MANELLA LLP
840 Newport Center Dr., Ste. 840
Newport Beach, CA 92660
Phone: (949) 760-0991
Fax: (949) 760-5200
JHueston@irell.com
DDixon@irell.com

Ellisen S. Turner
Benjamin Haber
IRELL & MANELLA LLP
1800 Avenue of the Stars, Ste. 900
Los Angeles, CA 90067
Phone: (310) 277-1010
Fax: (310) 203-7199
ETurner@irell.com
BHaber@irell.com

**Attorneys for T-Mobile USA, Inc. and T-Mobile US, Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on this 14th day of October, 2013. As of this date all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A).

/s/ Christopher W. Kennerly
Christopher W. Kennerly